Date: 4/17/2025

FILED
APR 28 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

United States District Court
Western District of Texas
262 West Nueva Street
San Antonio, Texas 78207

SA25CA0482 XR

Scott Ralph Wheelock
vs.
Kerr County, et.al

Trial Court Cause No. 21317A
216th Judicial District Court
Kerr County, Texas 78028

Fourth Court of Appeals No. 04-22-00349-CV
San Antonio, Texas

## Landowner Taxpayer's Brief

To The Honorable Judge(s) of the aforementioned Court;

Comes now the petitioner and Landowner (by Deed and Warranted Deed), Scott Ralph Wheelock.

The property (Real estate and personnel property) that is in question was purchased from "Texas Veterans Land Board" which is a "Texas State Agency" and "Exempt from Taxation", the land was originally purchased by "Warranted Deed" with a "30 year Note" on September of 1992, the property is 10 acres, access Road IH-10, emergency number 62045, the property was paid-in-full, December of 2021, the Landowner (Scott Ralph Wheelock) Received the "Deed" in February 2022, just 3 months before the Trial Court pronounced a Judgement (based on "Incorrect" information it received from the "Kerr County Taxing Entity"

page 1

Date: 4/17/2025

## "Landowner Taxpayer's Brief" (Continues)

which will be the "Duty" of the "Chief Appraiser", the problem arose when after receiving the "Deed" (transfer of title) the "Taxing Entity" did not follow the Texas Tax Codes in affording the Landowner all his entitled rights, the Trial Court used "incorrect information" when making a Judgement on the "Tax Suit" number 21317A on May 24 or 25, 2022, the main grounds are "Unfair Taxation" of which Landowner is entitled to protest.

The Trial Court had released Texas Veterans Land Board on April, 2022 one month before Trial (by Judge, no jury, no counsel for Defendant (Landowner), was not present (incarcerated)).

Texas Property Code §23.55(f)(4) "Change in Use of Land" states the "Chief Tax Appraiser" must in "Writing" to the Landowner give a "Notice" that a "Change in Use of Land" has occurred this (f)(4) deals with transfer of property from a State Agency, also all taxes from the preceeding 5 years cannot be used to base, a "Tax Suit", also without the "Notice" of "Change in Use of Land" the "Tax Lien" cannot attach.

The County proceeded with a "Tax Sale" on December 5, 2023, I believe, I have 2 years in which to contest this.

I am a 100% Disabled Military Veteran, Vietnam Era, 66 years old, the full amount of exemptions was not given as accorded by Texas Property Code §11.22 "Disabled Veteran" this was also another reason (grounds) for protest.

Date: 4/17/2025

"Landowner Taxpayer's Brief" (continues)

## Identities of Parties and Counsel

Trial Court, 216th Judicial District Court
Kerr County, Texas 78028
Honorable Rex Emerson (Judge)

### Defendant/Appellant

Scott Ralph Wheelock
TDCJ # 02270570
Preston E. Smith Unit
1313 County Road 19
LaMesa, Tx 79331

Pro Se, (Note: No Counsel offered)
In violation of U.S. Constitutions
5th, 6th, 7th and 14th Amendments
(Incarcerated)

### Appellees

**Appellee**

Kerr Central Appraisal District
P.O. Box 294387
Kerrville, Tx 78029
212 Oak Hollow
(Chief Appraiser)
Sharon Constantinides

**Attorneys**

Sergio E. Garcia Jr (Started Suit)
Perdue, Brandon, Fielder, Collins and Mott LLP
Attorney at Law (at Trial)
3301 Northland Dr. Ste 505
Austin, Texas 78731-4954

continues next page 4

Date: 4/17/2025

## "Landowner Taxpayer's Brief" (Continues)

### Identities of Parties and Counsel

| Appellee | Attorneys at Appeal |
|---|---|
| Kerr Central Appraisal District | Sergio E. Garcia Jr. |
| P.O. Box 294387 | Linebarger, Goggin, Blair and Sampson, LLP |
| Kerrville, Tx 78029 | Attorney at Law (for Appeal) |
| 212 Oak Hollow | Terrace 2   zip (78746) |
| (Chief Appraiser) | 2700 Via Fortuna Dr. Ste 500 |
| Sharon Constantinides | P.O. Box 17428 |
| (substituted July 7, 2022) Attorneys | Austin, Tx 78760 |
| | Ph. 512 477 6675 |

| Appellee | Attorney |
|---|---|
| Gillespie County Appraisal District | Cristol N. Schoessow |
| 1159 South Milam St. | Bryla and Schoessow P.C. |
| Fredericksburg, Tx 78624 | 105 W. San Antonio Street |
| (Chief Appraiser) Scott Fair | Fredericksburg, Texas 78624 |
| School Taxes (only) | |

### Appeal

4th Court of Appeals            Case No. 04-22-00349-CV
Cadena-Reeves Justice Center    Filed June 23, 2022
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

Date: 4/17/2025

"Landowner Taxpayer's Brief" (Continues)

## Table of Contents

| | Page(s) |
|---|---|
| Identities of Parties and Counsel | 3 and 4 |
| Table of Contents | 5 |
| Index of Authorities | 6 |
| Statement of Case | 7, 8 and 9 |
| Statement of Jurisdiction | 10 |
| Issues Presented | 10, 11 and 12 |
| Statement of Facts | 12 and 13 |
| Summary of Argument | 14 |
| Argument | 14, 15 and 16 |
| Prayer | 17 |
| Appendix | (To Bulky) |
| Certificate of Service | 17 |

Date: 4/17/2025

"Landowner Taxpers Brief" (Continues)

Index of Authorities

Page(s)

Texas Property Code § 11.22 "Disabled Veteran"    2, 8

Texas Property Code § 23.55 (a), (b), (e) And (f)(4) "Change in Use of Land"
                                                 pages 2, 8, 14 and 16

Texas Property Code Ann. § 24.005 (e) "Notice to Vacate, Prior to
    filing of Eviction Suit"            page 8

Texas Tax Code § 41.41 "Right to Protest"    pages 14, 15

Texas Tax Code § 41.411 "Protest of failure to give Notice"
                                          pages 8, 11, 15 and 16

Texas Tax Code § 41.45 "Hearing"                 page 16
Texas Tax Code § 41.46 "Written Notice of Hearing"   page 16

U.S. Constitution 5th Amendment "Due Process"    page 7+10
                 6th Amendment "Right to Counsel"    page 7+10
                 7th Amendment "Matters over $20"    page 7+10
                 14th Amendment "Due Process"    page 7+10

Texas Rules of Civil Procedure, 18(b) "Recusal"    page 13

Date: 4/17/2025

## "Landowner Taxpayer's Brief" (Continues)

### Statement of the Case

On or about September 27, 2021 a Mr. Sergio E. Garcia Jr. filed a "Tax Lien" against the Veterans Tract of Land, owned by Texas Veterans Land Board, described as 10 Acres, Lot 2, Block E, Kerr Vista Ranches, also known as Emergency Number 62045 Access Road, IH-10. This was being purchased by Mr. Scott Ralph Wheelock, under Warranted Deed, original sale date was September 1992, on a 30 year-note.

On November of 2021 the said parcel of property was "paid-in-full", in February 2022, the Defendant and Landowner Received the "Deed" from Texas Veterans Land Board, one copy was sent to Courthouse to file.

The "Tax Suit" No. 21317 was scheduled for Trial on May 24, 2022 prior to this, the Defendant, Scott Ralph Wheelock, Received a letter, dated April 6, 2022 from Perdue, Brandon, Fielder, Collins + Mott, L.L.P and Sergio E. Garcia Jr, stating the "Dismissal" of the Texas Veterans Land Board as being a State Agency are Exempt from Taxation, they were <u>no</u> longer listed as a defendant in the "Tax Suit" No. 21317. The following month the "Tax Suit" No. 21317 proceeded to trial, May 24th or 25th, 2022. The Defendant was <u>not afforded a attorney</u>, as he was incarcerated, <u>nor</u> was he afforded his Right, to trial by jury, U.S. Constitution, 7th Amendment.

This would be in violation of U.S. Constitution 6th Amendment, "Right to Counsel", 7th Amendment, in matters over "20 Right to Trial by Jury", 14th Amendment "Due Process" also 5th Amendment.

Date: 4/17/2025

"Landowner Taxpayer's Brief" (Continues)

Statement of Case (Continues)

    On the day of trial the "Taxing Entity" brought statements of Taxation but they failed to abide by Texas Tax Codes such as Texas Property Code Ann. §24.005(e) "Notice To Vacate Prior to filing Eviction Suit" and the Chief Appraiser failed to do the "Change in Use of Land" under Texas Tax Code §23.55(a),(b),(e) and (f)(4) apply, this includes a <u>written notice to the owner</u> (none was given), Texas Tax Code §23.55(f)(4), governs a transfer of the property from the State, also by Texas Tax Code §23.55 a taxing entity could <u>not</u> use the tax Records for the 5 years preceeding the transfer from the State Agency (Texas Veterans Land Board) to the individual, also under Texas Tax Code §11.22 "Disabled Veteran" the Defendant who is rated as 100% Military Disabled Veteran was <u>not</u> alotted the "full" amount of the Exemption which would be ($12,000.00 of the assessed value), also under Texas Tax Code §41.411, "Protest of failure to give notice". So <u>none</u> of the Landowner's Rights were acknowledged by the Trial Court, or by the Chief Appraiser, by Law the Tax Lien was invalid, without Chief Appraiser's "Change in the Use of Land" or the "Written Notices."

    The Honorable Judge Rex Emerson, pronounced judgement (Defendant was <u>not</u> present), the "Tax Information" would be "Incorrect" and "Invalid" by the Texas Tax Codes, therefore

Date: 4/17/2025

"Landowner Taxpayer's Brief" (Continues)

Statement of Case (Continues)

the Judgement would be "Incorrect" and "Invalid".
(2) the name of Trial Judge was Rex Emerson
(3) the Trial court was 216th Judicial District Court, Kerr County, Tx
(4) the disposition by trial court was, Guilty
(5) the parties in the Court of Appeals was; Sergio E. Garcia Jr., but the lawyer firm changed on July 6, 2022 to LineBarger, Goggin, Blair + Sampson, LLP and Sam Turner state bar No 00798557
(6) the Appeals court would be, 4th Court of Appeals, San Antonio, Tx   Cause No. 04-22-00349-CV
(7) Not sure of the names of the justices who participated in the decision
(8) the citation for the court of appeals opinion; the trial court erred in that the full amount of exemption for military disability was not given, other Tax Codes not brought up at that time, could not get to the UniT law library.
(9) the disposition by the Court of Appeals was that the court could not do Rehearing, must transfer to the other Court after "Tax Sale" of December 5, 2023. This notice done on March 3, 2025 by Luz Estrada, Chief Deputy Clerk
(10) I Received a notice dated 25 March 2025, Re: Case No. 25-0246 stating they had Received and filed a "Motion for Extension of Time" but I had filed none, then I Received letter dated April 8, 2025, it said, the Motion for Extension was Denied. The case is closed.

Date: 4/17/2025

"Landowner Taxpayer's Brief" (Continues)

## Statement of Jurisdiction

As this case is of the Landowners Rights and the Use of the Texas Tax Codes, and the petitioner is the Landowner and Citizen of the United States and a Resident of the State of Texas, this Court has Jurisdiction and nothing of this case is pending in any other Court, this case has violations of U.S. Constitution's 5th, 6th, 7th and 14th Amendments, for the 7th Amendment, "In suits at common law, where the value in controversy shall exceed twenty dollars, the Right of trial by jury shall be preserved," (this was not done) and 14th Amendment, section 1; "Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## Issues Presented

The issues being presented in this case are;
(1) The chief tax appraiser did not follow the Texas Tax Codes, creating hardships and loss of Real property and personnel property of which was fully paid for, prior to the "Tax Sale" that was done December 5, 2023, the Defendant received documents from the Veterans Affairs office showing that he was listed as 80% military disabled and that they had sent some monies ($30,000.00 back pay) in August 2023, but the Defendant did not recieve those "Treasury Checks" until after the "Tax Sale", it seems they were held at Unit Mailroom,

Date: 4/17/2025

## "Landowners Taxpayer's Brief" (Continues)

### Issues Presented (Continues)

so I could <u>not</u> pay taxes, there were copies of checks filed with District Clerk's Office in Kerr County under cause No. 21317A.

(2) <u>None</u> of the Landowners Rights were Acknowledged as far as Written Notices, Change in Use of Land, Roll Back Taxes, Homesteading, or Personnal Property, Requested Hearings Ignored, this <u>all</u> totaled up to taking Advantage of a "Disabled American Veteran", "A Resident of Texas", "Citizen of United States", "Landowner" And "elderly person over 65 years old" And "Taxing at Unfair and outrageous increase on Assessed value of said property."

(3) In the Judgement it has the Defendant paying Taxes on the Neighbors house trailer, it states House Trailer on Lot 1, with my house trailer (Mobile Home) serial Number, this Judgement was drawn up by the Attorney for the County.

(Note: The Judge certified they were correct, but they were <u>Not</u>!

(4) Texas Tax Code §41.411, "Protest of Failure to give Notice", which states as follows;

(a) A property owner is entitled to protest before the appraisal Review board the failure of the chief Appraiser or Appraisal Review board to provide or deliver <u>any notice</u> to which the <u>property owner is entitled</u>.

(Note: The chief appraiser, and Kerr Central Appraisal District have ignored <u>All</u> notices of protest, certified letters, even 1st Notice of Protest before the "Tax Sale", this amounts to basically

Date: 4/17/2025

## "Landowner Taxpayer's Brief" (Continues)

### Issues Presented (Continues)

"Theft of Property by Fraudulent Means."

(5) There is a possibility that the Charge, Criminal Charge of which Defendant is incarcerated is invalid, and may be overturned, if this takes place, the Tax Suit could <u>not</u> have happened, the same Judge did the Criminal Case, then Judgement on "Tax Suit."

### Statement of Facts

(1) My wife of 27 years passed-on (deceased August 29, 2015) she usually made sure Taxes were paid.

(2) The Defendant (Scott Ralph Wheelock) became 100% disabled through Social Security on December 2010, benefits were terminated after plea agreement on DWI, June 24, 2019 sentence was 60 years, no accident, in parked vehicle. Started Veterans Military Disability December 2021, 100% rating now, could <u>not</u> get proof of disability before Judgement done on "Tax Suit" number 21317A.

(3) Defendant (Scott Ralph Wheelock) was arrested DUI on February 7, 2018, remained in Jail until sentencing June 24, 2019, there was <u>no</u> evidentary hearing, was in parked vehicle at <u>Road block</u>, Road blocks are illegal in Texas, <u>no</u> keys in ignition, plea agreement of 25 years open-plea in front of Judge Rex Emerson who made it a 60 year sentence, he was County Attorney for about 20 years, to my understanding, you could <u>not</u> be a States Attorney then be a

Date: 4/17/2025

## "Landowner Taxpayer's Brief" (Continues)

### Statement of Facts (Continues)

District Judge, there is question of violation of Texas Rules of Civil Procedure, Rule 18b(1) "the judge's impartiality might reasonably be questioned," this judge was from the 198th District Courtroom, and at the time of judgement on this case 21317A from the 216th District Courtroom came across the hall to pronounce the Judgement, same Judge both cases.

(4) Defendant (Scott Ralph Wheelock) had resided at this Residence, (with wife and children) since it was purchased in September 1992, 30 year note, paid-in-full November 2021, homesteaded.

(5) During this case, never received any of the notices of which the Texas Tax Codes allow and require, as Landowner is "Entitled" to these, pertaining to Real and Personal Property.

(6) During this case 21317A at the County District Court, there was NO attempt to appoint counsel for Defendant as he was indigent, there was NO attempt to do "Trial by Jury" as U.S. Constitution 7th Amendment, states; "In suits at common law, where the value in controversy shall exceed twenty dollars, the Right of Trial by Jury shall be preserved," also under the U.S. Constitution 14th Amendment, states; "Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Date: 4/17/2025

<u>Landowner Taxpayer's Brief (Continues)</u>

### <u>Summary of Argument</u>

The summary of the argument is that this is a case of "Unfair Taxation" as by Texas Tax Code §23.55 "Change in Use of Land" which should have been done at time of transfer of deed on February 2022, prior to the Judgement of this case 21317A which was on May 24 or 25, 2022 (there was 3 months to get it done) the "change in use of land" also limited the use of the Tax Record, for the proceeding 5 years before Transfer, they could <u>not</u> be used.

This failure lead to the Court giving a "incorrect", "invalid" judgement which lead to the "Tax Sale" on December 5, 2023.

For the whole year of 2024 I had been trying to contact these Taxing Entities for a Hearing, but was ignored.

There is a "Petition for Excess Proceeds" filed with the District Clerk, the amount on file is $23,675.94 deposited on 02/12/2024.

There is also a question as to the increase of the appraised value of said property when there have been <u>no</u> improvements.

### <u>Argument</u>

Under grounds using Texas Tax Code §41.41 "Right to Protest" [b][i](4) denial to the propety owner in whole or in part of a partial exemption (this will pertain to the Disabled Veteran, not being granted the full amount)

Date: 4/17/2025

"Landowner-Taxpayer's Brief" (Continues)

## Argument

(7) Determination that the property owner is the owner of property.

(8) Determination that a change in use of land appraised as agricultural land, land designated for agricultural use, Restricted-use timber land, or timber land has occurred, or <u>purchased from State, which is Taxation Exempt</u>.

(9) Failure of the chief appraiser or appraisal review board to provide or deliver any notice to which the property owner is entitled [Texas Tax Code § 41.411(a)]

In addition, a protest may challenge the chief appraiser's denial of an application for special land valuation, such as that allowed for land designated for agricultural use [see Texas Tax Code §§ 23.41-23.46], qualifies open-space land [see Texas Tax Code §§ 23.51-23.57]

A protest may also challenge a determination that a change in use of land that had qualified for special valuation has occurred [Texas Tax Code § 41.41(a)(8)]

Finally, a property owner may protest any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner [Texas Tax Code § 41.41(a)(9)]

On the proper filing of a notice of protest, the appraisal review board is required to schedule a hearing on the protest [Texas Tax

Date: 4/17/2025

"Landowner Taxpayer's Brief" (Continues)

Argument (Continues)

Code 41.45(a)(hearing must be held as soon as practicable, but not later than 90th day after date board approves appraisal records)] and to deliver written notice of the hearing to the protesting party [Texas Tax Code § 41.46 (a); see also Texas Tax Code § 41.46 (f)]

The taxpayer is entitled to protest the failure of the appraiser or the appraisal review board to provide or deliver any notice to which the taxpayer is entitled [Texas Tax Code § 41.411 (a)]. Because the absence of required notice may be brought in a protest, the failure to protest on that ground generally waives the objection. (Taxpayer had opportunity to challenge failure to receive notice of prior protest hearing by filing <u>new</u> protest under Texas Tax Code § 41.411)

(Note: 1st filing of protest was prior to "Tax Sale")

Texas Tax Code § 23.55(e), it states; "For this purposes of this subsection, the chief appraiser may <u>not</u> consider any period during which <u>land is owned by the State</u> in determining whether the land has been diverted to non-agricultural use. Also under § 23.55 the Taxes for previous <u>5 years</u> could <u>not</u> be used, to calculate amount of Taxes, as the assessed value of 10 acres in those 5 years went from $32,000.00 assessed value to over $250,000.00 assessed value. (Unfair Taxation) The above example is what was going on with my 10 acres.

Date: 4/17/2025

"Landowner Taxpayer's Brief" (continues)

### Prayer

Wherefore the Petitioner (Scott Ralph Wheelock) prays that this Court grant all due Relief, and that the petitioner gets his Real Property (10 acres) and Personal Property back in his control as everything was paid-in-full and just compensation for any destruction or theft of property, not to exceed $1 million dollars.

### Certificate of Service

On this the 21st day of April, 2025 did send this "Brief" by Regular Mail to the following;

Clerk, U.S. District Court
Western District of Texas
262 West Nueva Street
San Antonio, Tx 78207

Return Address ↙
Scott Ralph Wheelock
TDCJ # 02270570
Preston E. Smith Unit
1313 County Road 19
LaMesa, Tx 79331

Respectfully Submitted,
Scott Ralph Wheelock