IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SCOTT RALPH WHEELOCK,<br>*Plaintiff*<br><br>-vs-<br><br>KERR COUNTY, KERR CENTRAL APPRAISAL DISTRICT, SHARON CONSTANTINIDES, CHIEF APPRAISER, KERR CENTRAL APPRAISAL DISTRICT; GILLESPIE COUNTY APPRAISAL DISTRICT, SCOTT FAIR, CHIEF APPRAISER, GILLESPIE COUNTY APPRAISAL DISTRICT;<br>*Defendants* | SA-25-CV-00482-XR |

## ORDER ON MOTIONS TO DISMISS

On this date, the Court considered the motions to dismiss filed by the Kerr County Defendants (ECF No. 6) and Gillespie County Defendants (ECF No. 7) and Plaintiff's response (ECF No. 10). After careful consideration, the Court issues the following order.

## BACKGROUND

On April 28, 2025, the Plaintiff Scott Ralph Wheelock filed this action (styled as a "Landowner Taxpayer's Brief") seeking relief from a final judgment from a 2021 state tax case in the 216th Judicial District Court of Kerr County, Cause No. 21317A (the "State Court Lawsuit") and subsequent foreclosure sale. ECF No. 1. Plaintiff has named Kerr County, Kerr Central Appraisal District ("KCAD") and its Chief Appraiser, Sharon Constantinides (collectively, the "Kerr County Defendants") and the Gillespie County Appraisal District and its Chief Appraiser, Scott Fair (together, the "Gillespie County Defendants"). *Id.* at 4.

I.      **The State Court Lawsuit**

In 1992, Scott Ralph Wheelock purchased a ten-acre tract of land in Kerr County, Texas, from the Veterans Land Board of the State of Texas, and he lived on the property in a manufactured home (together with the ten-acre tract, the "Property"). *See id.* at 7. Wheelock asserts that he paid property taxes on both the ten-acre tract and the manufactured home until 2010, when he became disabled and began receiving Social Security disability payments. *See id.* at 12.

In May 2021, several Kerr County taxing entities—Kerr County, Headwaters Groundwater Conservation District, Kerr County Emergency Services District #2, Kerr County Lateral Roads, Upper Guadalupe River Authority (collectively, the "Kerr County Taxing Authorities")—filed suit in the 216th Judicial District Court of Kerr County against Wheelock, alleging that delinquent ad valorem taxes, penalties, and interest were owed on the ten-acre tract for tax years 2011–2020 and on the manufactured home for tax years 2015–2020. *See Wheelock v. Kerr County*, No. 04-22-00349-CV, 2023 WL 2144301, at *1 (Tex. App.—San Antonio Feb. 22, 2023, no pet.).[1] In June 2021, Harper Independent School District ("Harper ISD") intervened, alleging similar claims.[2] *Id.*

The court held a trial in May 2022. *Id.* Wheelock, who was by then incarcerated, did not appear at the trial either personally or through counsel and did not present any evidence. *Id.* At the conclusion of trial, the court signed a judgment in favor of the Kerr County Taxing Authorities and Harper ISD. *Id.* The judgment decreed that Wheelock owed a total of $25,900.06 in "delinquent taxes, penalties, interest, and costs allowed by law"; found that the manufactured home had a market value of $13,139 and the ten-acre tract had a market value of $125,652; foreclosed the tax lien on the manufactured home and the ten-acre tract; and ordered the property sold to satisfy the lien. *Id.*

---

[1] The Court hereby takes judicial notice of the state-court proceedings pursuant to Rule 201. FED. R. CIV. P. 201(b).
[2] Neither of the Gillespie County Defendants were a party to the State Court Lawsuit.

Plaintiff appealed the state district court's judgment to the Fourth Court of Appeals for San Antonio. *Id.* Among other issues, he claimed that the judgment was insupportable because the trial court (in Kerr County) lacked jurisdiction over claims by Harper ISD (which is located in part in Gillespie County) and that the amounts in the tax statements were inaccurate due to valuation issues and because he could qualify for exemptions due to disability and status as a veteran. *See id.* at *2–4. In February 2023, the Fourth Court of Appeals issued a memorandum opinion rejecting Plaintiff's arguments and affirming the lower court's judgment. *Id.* That decision became final on June 12, 2023, when the state appellate court issued its mandate. ECF No. 6-2. The Property was sold at a foreclosure sale in December 2023. *See* ECF No. 1 at 1.

## II.     Plaintiff's Federal Challenge to the State Court Judgment

Wheelock now seeks federal relief from the state court judgment, contending that his due process rights were violated by the failure of local officials to provide required statutory notices and determinations under the Texas Tax Code, that exemptions for disability and age were not properly applied, and that he was denied appointed counsel. ECF No. 1 at 2; *id.* at 10 (alleging "violations of U.S. Constitution's 5th, 6th, 7th, and 14th Amendments"). He maintains that these alleged procedural deficiencies render the state court judgment void and seeks the return of the Property and one million dollars in damages. *Id.* at 9, 17.

The Kerr County Defendants now seek dismissal of this action with prejudice, asserting that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, res judicata, and the state tax comity doctrine. ECF No. 6. The Gillespie County Defendants adopt the Kerr County Defendants' motion, ECF No. 7 at 2, but further assert that they are entitled to dismissal because Wheelock has not alleged any specific legal claims or facts implicating the Gillespie County Defendants, *id.* at 5–7, and that Plaintiff's claims are barred by the Tax Injunction Act, *id.* at 10–11.

# DISCUSSION[3]

## I.   Legal Standards

### A.   Rule 12(b)(1) – Dismissal for Lack of Subject Matter Jurisdiction

Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). In short, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* at 413. Further, materials such as affidavits and regulations can be considered when relevant to the issue of jurisdiction. *Poindexter v. United States*, 777 F.2d 231 (5th Cir. 1985).

### B.   Rule 12(b)(6) – Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

[3] The Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). While courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." *U.S. Bank Nat'l Ass'n v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## II. Claims against the Gillespie County Defendants

The Gillespie County Defendants were not a party to the State Court Lawsuit or subsequent tax sale. *See Wheelock*, 2023 WL 2144301, at *1. Moreover, Wheelock has made no factual or legal claims against the Gillespie County Defendants in his complaint. *See generally* ECF No. 1.

Accordingly, the Gillespie County Defendants' motion to dismiss (ECF No. 7) is **GRANTED**, and Wheelock's claims against them are **DISMISSED WITH PREJUDICE**.

**III.     Claims against the Kerr County Defendants**

    **A.     Plaintiff's claims are barred by the *Rooker-Feldman* doctrine**

The *Rooker-Feldman* doctrine holds that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). "Litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits. The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court." *Hutchings v. County of Llano*, No. 1:20-CV-308-LY-SH, 2020 WL 4289383, at *5 (W.D. Tex. July 27, 2020), *report and recommendation adopted*, No. 1:20-CV-308-LY, 2020 WL 6145204 (W.D. Tex. Sept. 3, 2020), *aff'd*, No. 20-50885, 2022 WL 3716483 (5th Cir. Aug. 29, 2022) (citations omitted) (citing *Liedtke*, 18 F.3d at 317). *Rooker-Feldman* applies when federal claims are "inextricably intertwined with a challenged state court judgment," *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003), or where the state-court loser seeks "what in substance would be appellate review of the state judgment." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1974).

Wheelock expressly asks this Court to overrule the judgment in the State Court Lawsuit. ECF No. 1 at 3–4. This is precisely the sort of lawsuit that *Rooker-Feldman* prohibits—one that asks a federal court to overturn a final state court matter. *See Liedtke*, 18 F.3d at 317; *see also Hutchings*, 2022 WL 3716483, at *1 (declining to decide whether there is an exception to *Rooker-Felman* for allegedly void proceedings and limiting any such exception to the bankruptcy context).

Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's federal challenge to the State Court Lawsuit.

### B.  Plaintiff's claims are otherwise barred by the state tax comity doctrine

The state tax comity doctrine bars federal courts from awarding damages under 42 U.S.C. § 1983 in state taxation cases when state law provides an adequate remedy. *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 424 (2010) (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981)). The Tax Injunction Act ("TIA") likewise precludes a federal district court from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). The TIA is a "broad jurisdictional impediment to federal court interference with the administration of state tax systems." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (1998) (quoting *United Gas Pipe Line Co. v. Whitman*, 595 F.3d 323, 326 (5th Cir. 1979)). Both the TIA and state tax comity reflect "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." *Fair Assessment*, 454 U.S. at 103; *see also id.* at 110 (clarifying that "the principle of comity which predated the [TIA] was not restricted by its passage"); *Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n,* 515 U.S. 582, 590 (1995) ("[T]he [TIA] may be best understood as but a partial codification of the federal reluctance to interfere with state taxation.").

Plaintiff seeks to invalidate the tax assessment on his property on federal constitutional and other grounds. *See* ECF No. 1 at 10–16. The Fifth Circuit has addressed the adequacy of Texas remedies for such claims, and have found them to be "plain, speedy and efficient." *See McQueen v. Bullock*, 907 F.2d 1544, 1548 n.9 (5th Cir. 1990). Because Texas state courts provide a procedural vehicle for taxpayers' federal constitutional claims, including a "full hearing and judicial determination, with ultimate review available in the United States Supreme Court," Texas

provides an adequate remedy for Plaintiff's constitutional claims. *Smith*, 968 F.2d at 456; *Hutchings*, 2022 WL 3716483, at *1 ("The Tax Injunction Act bars the district court from considering Hutchings' claims because the Act applies to municipal as well as state taxes, and Texas courts are more than capable of adjudicating his claims.").[4]

Because the Court lacks subject matter jurisdiction over Plaintiff's claims against the Kerr County Defendants, it need not address their argument that Plaintiff's claims are barred by the doctrine of res judicata.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 6, 7) are **GRANTED**. A final judgment will follow pursuant to Rule 58.

The Clerk is **DIRECTED** to **CLOSE** this case. The Clerk is **FURTHER DIRECTED** to mail a copy of this Order and the Final Judgment to Scott Ralph Wheelock #02270570, Preston E. Smith Unit, 1313 County Road 19, Lamesa, TX 79331.

It is so **ORDERED**.

**SIGNED** this 25th day of August, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] "Although a plaintiff could potentially show that such remedies were not available to him because the state courts have refused to entertain his federal claims, or the state remedy is uncertain or speculative, that is not the case here." *Samtani v. Webb Cnty. Appraisal Dist.*, 285 F. App'x 183, 184 (5th Cir. 2008) (citation omitted) (citing *Smith*, 968 F.2d at 456). In his response to Defendants' motions, Plaintiff does not explain why he failed to raise his constitutional challenges to the trial court proceedings and judgment on appeal and instead merely reiterates the grounds for his collateral attack. *See generally* ECF No. 10.